[No. 6595.    Decided February 19, 1907.]

WASHINGTON DREDGING AND IMPROVEMENT COMPANY,
*Appellant*, v. CANNEL COAL COMPANY *et al.*,
*Respondents.*[1]

PLEADING—PARTICULARITY—COMPLAINT—FAILURE TO AMEND—DIS-
MISSAL. In an action to obtain a deed of tide lands, by reason of the
alleged ownership of abutting upland, the plaintiff may be required
to set forth a description of the uplands which were the basis of
his right to purchase the tide lands, and the same would not be re-
quiring him to plead his evidence; and it is not an abuse of discre-
tion to dismiss the action upon plaintiff's refusal so to do.

JUDGMENTS—DEFAULT—MOTION AFTER APPEARANCE—GROUNDS. A
motion for default cannot be made ten days after defendant's ap-
pearance, on the ground that the appearance presented a frivolous
and dilatory motion, where the court did not regard the motion as
frivolous but properly sustained the same.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered September 28, 1906, dismissing
an action to declare a trust and secure a deed of tide lands,
upon plaintiff's refusal to amend the complaint and make the
same more specific. Affirmed.

*W. F. Hays* (*Vance & Mitchell* and *Shepard & Flett*, of
counsel), for appellant.
*Ira Bronson* and *D. B. Trefethen*, for respondents.

ROOT, J.—Appellant instituted this action to obtain a
decree adjudging the title of certain Seattle tide lands to
be held by the respondent coal company as trustee for ap-
pellant, and directing the execution of a deed to appellant
therefor. In various paragraphs of its complaint, appellant
alleged itself to be, as owner of the upland, entitled to pur-
chase said tide lands. Respondents interposed motions to
require appellant to state what uplands it was the owner of.
They also moved to strike certain paragraphs of the com-

[1]Reported in 88 Pac. 836.

plaint. The trial court sustained the motion requiring appellant to set forth what uplands it was the owner of, and certain paragraphs of the complaint were stricken. Appellant declined to amend its complaint, and having elected to stand thereupon, a judgment of dismissal was entered against it, from which this appeal is prosecuted.

It is the contention of appellant that it was required by law to plead only ultimate facts, and that the order directing it to set forth what uplands it owned as a basis for its claim to purchase tide lands was, in effect, a requirement for the pleading of its evidence. Respondents maintain that, this being a proceeding in equity, the duty devolved upon appellant to plainly set forth the facts upon which it claimed to be entitled to the relief demanded; that in order for the court to know whether or not appellant was entitled to purchase any of the tide lands in question, the fact must affirmatively appear as to what upland it was the owner of. We think this contention must be upheld. While as a rule it is necessary only to plead ultimate facts, yet we do not think that this would justify the pleader in a case of this character in not setting forth a description of the lands which formed the basis of his right as an upland owner to purchase the tide lands in question. The allegation that it was entitled to certain tide lands by reason of being an upland owner could hardly be deemed other than a statement of a legal conclusion in a case of this character. It not infrequently happens that it is difficult to determine which of several upland owners is entitled to the preference right to acquire a given portion of tide lands. For a court to determine between adverse claimants, it must know as to what upland each is the owner of, and it could not well make any decree without having this information. If it be necessary for the court to ascertain such a fact, it would seem to be self-evident that there was a necessity for its being pleaded. At least, it could not be said that the trial court abused its discretion

in requiring the complaint to be amended in this particular. The information must have been within the knowledge of the appellant, and we perceive nothing in the requirement of the court that would militate against appellant's rights or occasion it any serious inconvenience.

It is urged also by appellant that it was entitled to a default against respondents, inasmuch as the latter did not plead within the time required by law. The record, however, fails to show any motion for default as having been made until ten days after the appearance of respondents. At that time appellant appeared with a motion for a default, admitting that the defendants had appeared, but claiming that their motion was "frivolous, pretended, and dilatory," and that it "failed to raise any issue as to the merits of such action." The trial court, however, did not regard respondents' motion as frivolous, but sustained the same, and we cannot say that its action was erroneous. Hence, appellant was not entitled to have its motion for default sustained.

No error appearing, the judgment of the trial court is affirmed.

HADLEY, C. J., FULLERTON, DUNBAR, MOUNT, and CROW, JJ., concur.